## (January 28, 1938.)

ANNA STARK, as Administratrix, etc., of NOAH STARK, Deceased, Respondent, v. THE NATIONAL CITY BANK OF NEW YORK and TRANSAMERICA CORPORATION, Appellants, and RAYMOND A. MULDOON and JAMES F. CAVAGNARO, Defendants, and ANNA STARK, Individually, Impleaded Defendant, Respondent.

Separate appeals by the defendant The National City Bank of New York and by the defendant Transamerica Corporation from a judgment of the Supreme Court, entered in the New York county clerk's office on October 6, 1936, with notice of intention by the first appellant to bring up for review upon said appeal an intermediate order entered in said clerk's office on February 27, 1936, and also an intermediate order entered in said clerk's office on September 30, 1936, and with notice of intention by the second appellant to bring up for review upon such appeal the first mentioned intermediate order.

The National City Bank of New York appeals from various provisions of the judgment against it in favor of the plaintiff for $14,708.15, after trial at Trial Term without a jury, bringing up for review the order entered February 27, 1936, denying defendant's motion to strike the action from the Trial Term Calendar, and the order entered September 30, 1936, ordering, among other things, that the clerk tax costs and compute disbursements in accordance with the terms thereof

and directing the judgment aforesaid. The Transamerica Corporation appeals from that portion of said judgment which adjudges that plaintiff recover of it the sum of $14,708.15, and from that portion of said judgment which dismisses the cross-claim of said defendant against The National City Bank of New York upon the merits; bringing up for review the order entered February 27, 1936, denying defendant's motion to strike the action from the Trial Term Calendar.

The plaintiff brought the action to recover money damages from the defendants on the theory that they had been parties to an investment by the plaintiff, as administratrix, of certain funds and securities of the estate in shares of the Transamerica Corporation of a character not authorized by section 111 of the Decedent Estate Law. Certain cross-demands were alleged in the answers of the defendants, pursuant to sections 264 and 474 of the Civil Practice Act, and certain cross-claims over likewise alleged and demanded. Upon motion of The National City Bank of New York and another, Anna Stark, individually, was impleaded as an additional defendant, pursuant to an order of the Special Term, granted on April 13, 1936, and supplemental summons and pleading were duly served.

PER CURIAM. The judgment should be modified so as to provide that the dismissal of the claim over of The National City Bank against Anna Stark, individually, is without prejudice. The trial court was correct in ruling that Anna Stark, individually, is not an indemnitor of the liability of the bank and also that she is not primarily liable for the loss to the estate. In our view of the case, however, Anna Stark as an individual is equally responsible with the bank and Transamerica Corporation for the loss. The amount for which she may be liable cannot be fixed on the present claim over. In order, therefore, to prevent any question with respect to the judgment being a bar to any action which the appellants may hereafter see fit to bring against her for contribution or to impose liability on any other basis, we believe that the dismissal should be without prejudice. (*Steele* v. *Leopold*, 135 App. Div. 247, 259.)

The judgment, so far as appealed from, should accordingly be modified, without costs, and the orders appealed from affirmed.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.

Judgment, so far as appealed from, unanimously modified as indicated in opinion, without costs, and the orders appealed from affirmed. Settle order on notice. [161 Misc. 51.]